UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES RYAN ROSS, § <br> TDCJ #01854481, § <br> § <br> Plaintiff, § <br> § SA-21-CV-00473-XR <br> v. § <br> § <br> ROBERT M. LOPEZ, Warden 1, ET AL., § <br> § <br> Defendants § | |

### ORDER OF PARTIAL DISMISSAL

Before the Court is Plaintiff James Ryan Ross's ("Ross") *pro se* 42 U.S.C. 1983 Civil Rights Complaint, Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and Ross's response to the partial motion to dismiss. (ECF No. 1, 13, 16); *see* FED. R. CIV. P. 12(b)(6). Ross paid the full filing fee; he is not proceeding *in forma pauperis*. (ECF No. 4). Upon review, the Court orders Defendants' partial motion to dismiss **GRANTED IN PART AND DISMISSED WITHOUT PREJUDICE IN PART**. The Court further orders Ross's claims under the Americans with Disabilities Act ("ADA") **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 42 U.S.C. § 12132; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

#### BACKGROUND

Ross is currently confined in the Texas Department of Criminal Justice based on his 2013 conviction for burglary of a habitation for which he was sentenced to twenty years' confinement. *See* Texas Department of Criminal Justice Inmate Search (last visited Feb. 8, 2022). While confined, Ross filed this section 1983 action against: (1) Robert M. Lopez, Warden;

(2) Jacob L. Harrison, Assistant Warden; (3) Davonte Head, Food Service Manager; (4) Janet Diaz, Food Service Manager II; and (5) Richard Saldivar, Food Service Manager IV. (ECF No. 1).

Ross claims that while confined in the Dominguez Unit it was determined he was "highly allergic to soy." (*Id.*). Despite his known allergy and Defendants' alleged knowledge of same, Ross contends he "was forced to eat food containing soy or milk protein over 40 times from 11-12-20 to 12-19-20 or not eat at all and sometimes not even brought food." (*Id.*). Ross contends this constituted deliberate indifference to a serious medical need in violation of his Eighth Amendment rights, negligence and gross negligence, and a violation of the ADA. (*Id.*). As relief, Ross seeks only compensatory and punitive damages. (*Id.*). Defendants were served and thereafter filed an answer and a partial motion to dismiss. (ECF Nos. 12–14). Ross filed a response to the partial motion to dismiss. (ECF No. 16).

## STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). When a district court reviews a motion to dismiss pursuant to Rule 12(b)(6), it must construe the complaint in the plaintiff's favor, taking "all well–pleaded facts as true" and asking whether the complaint contains sufficient "facts to state a claim to relief that is plausible on its face." *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016); *see* FED. R. CIV. P. 12(b)(6). The plaintiff's legal conclusions are not entitled to the same assumption and "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Although generally the Court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010); *see United States ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (stating that "the court may consider ... matters of which judicial notice may be taken").

## ANALYSIS

In their partial motion to dismiss, Defendants contend Ross's ADA and negligence claims should be dismissed, leaving only his Eighth Amendment claims for deliberate indifference. (ECF No. 13). In his response to the partial motion to dismiss, Ross contends, among other things, that this Court should exercise supplemental jurisdiction over his negligence and gross negligence claims pursuant to 28 U.S.C. § 1367, arguing these are state–law claims under Texas law. (ECF No. 16).

### A. ADA Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subject to discrimination by any such *entity*." 42 U.S.C. § 12132 (emphasis added); *see United States v. Georgia*, 546 U.S. 151, 153 (2006). Thus, by its language, Title II permits a cause of action for discrimination against *public entities*. *See* 42 U.S.C. § 12132; *United States v. Georgia*, 546 U.S. at 153. "Public entity" is defined to include "any State or local government" and "any department, agency, … or other instrumentality

3

of a State." 42 U.S.C. § 12131(1); *United States v. Georgia*, 546 U.S. at 154. The Supreme Court has held the definition of "public entity" includes state prisons. *United States v. Georgia*, 546 U.S. at 154 (citing *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998)). Thus, Title II authorizes suits for money damages by private citizens, including inmates, against public entities, including prisons, that violate section 12132. *See* 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794(a)); *United States v. Georgia*, 546 U.S. at 154. In other words, the Supreme Court has recognized that under Title II of the ADA, a plaintiff may *not* recover monetary damages from *individual* defendants. *See United States v. Georgia*, 546 U.S. at 154.

This Court recognizes that a plaintiff may bring suit against an individual state official under Title II in certain instances. *See McCarthy v. Hawkins*, 381 F.3d 407, 413–14 (5th Cir. 2004). However, such suits are limited to instances wherein the plaintiff seeks prospective injunctive relief. *Id.* These suits are permitted because they are against the defendant's office, not the individual defendant, and seek to require the defendant to conform his or her future conduct to the requirements of federal law. *Id.* at 412–14.

Based on the foregoing, Defendants argue Ross has failed to state a claim upon which relief may be granted with regard to his ADA claims. The Court agrees. In his Complaint, Ross seeks only compensatory and punitive damages; Ross does not seek prospective injunctive relief. Thus, he is precluded from suing the individual Defendants under Title II of the ADA.

## B. Negligence Claims

To state a claim under section 1983, a plaintiff must allege a violation of a right secured by the Constitution or federal law and show the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998). Claims of negligence or lack of due care

are not proper bases for relief under section 1983. *Daniels v. Williams*, 474 U.S. 327, 329–36 (1986); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Even claims of gross negligence are insufficient as they do not rise to the level of deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996).

However, pursuant to section 1367 of Title 28 of the Code, a federal district court generally has supplemental jurisdiction over claims, including negligence claims, that are so related to claims in the action over which it has original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. *See* 28 U.S.C. § 1367(a); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). A court may decline to exercise its supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Brookshire Bros. Holding, Inc.*, 554 F.3d at 602. In fact, the Fifth Circuit has stated that generally "a court should decline to exercise jurisdiction over remining state–law claims when all federal–law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc.*, 554 F.3d at 602.

Here, in his response to the partial motion to dismiss, Ross specifically asks the Court to exercise supplemental jurisdiction over his negligence and gross negligence claims. (ECF No. 16). The Court finds these claims are so related to Ross's other claims in this action — specifically his Eighth Amendment claims over which this Court has original jurisdiction — that they form part of the same case or controversy under Article III. *See* 28 U.S.C. § 1367(a); *Brookshire Bros. Holding, Inc.*, 554 F.3d at 602. Moreover, Defendants admit that dismissal of Ross's ADA and negligence claims would not eliminate all of his section 1983 claims, i.e., his claims for deliberate indifference under the Eighth Amendment would remain. (ECF No. 13).

Because the Court has not yet determined whether all of Ross's federal claims should be dismissed, any request that the Court dismiss Ross's state–law negligence and gross negligence claims is premature. *See* 28 U.S.C. § 1367(a); *Brookshire Bros. Holding, Inc.*, 554 F.3d at 602. Thus, the Court dismisses without prejudice to reassertion Defendants' partial motion to dismiss to the extent it seeks to dismiss Ross's negligence and gross negligence claims. (ECF No. 13).

## Conclusion

Based on the foregoing, the Court finds Defendants' partial motion to dismiss should be granted in part and dismissed without prejudice in part. The Court further finds Ross's claims under the ADA should be dismissed with prejudice for failure to state a claim upon which relief may be granted. However, Ross's state–law negligence and gross negligence claims are not subject to dismissal at this time.

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 13) is **GRANTED IN PART AND DISMISSED WITHOUT PREJUDICE IN PART**. To the extent Defendants seeks dismissal of Ross's claims under the ADA, their partial motion to dismiss is granted. However, to the extent Defendants seek dismissal of Ross's state–law claims for negligence and gross negligence, their partial motion to dismiss is dismissed without prejudice to reassertion at the proper time.

**IT IS FURTHER ORDERED** that Ross's claims under the ADA (ECF No. 1) are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 42 U.S.C. § 12132; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Ross's state–law negligence and gross negligence claims remain pending, as do his section 1983 claims for deliberate indifference to a serious medical need under the Eighth Amendment.

It is so **ORDERED**.

SIGNED this 10th day of February, 2022.

                                                                          XAVIER RODRIGUEZ
                                                                          UNITED STATES DISTRICT JUDGE